UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTOINETTE HOLMES                                        CIVIL ACTION

VERSUS                                                   NO. 07-2850

MARIANA LEGER                                            SECTION "K"(6)

## TRANSFER ORDER

    Petitioner, ANTOINETTE HOLMES, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1998 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1)    The trial court erred in denying petitioner's motion to correct an illegal sentence;

2)    The trial court exceeded its jurisdiction in sentencing her as an habitual offender under La. R.S. 15:529.1;

3)    The lower courts erred in denying supervisory writs under La. C. Cr. P. art. 930.8 and La. C. Cr. P. art. 930.3.

    A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled Antoinette Holmes v. Johnnie

Jones, Warden, Civil Action 02-1509 "K"(6).  In that petition, petitioner raised the following grounds for relief:

1) Her guilty plea was invalid based on inaccurate advice of counsel;

2) She was coerced to plead guilty based on threats made by counsel;

3) She was subjected to an illegal adjudication as a multiple offender;

4) Trial counsel rendered ineffective assistance.

That petition was dismissed with prejudice as untimely by Judgment entered January 10, 2003.  Petitioner appealed the judgment.  The United States Fifth Circuit Court of Appeals dismissed the appeal for want of prosecution.  See Antoinette Holmes v. Johnnie Jones, No. 03-30113 (5th Cir. 2003).

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244.  In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate

court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that ANTOINETTE HOLMES's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this ___13th___ day of _____June_____, 2007.

_____
UNITED STATES DISTRICT JUDGE